16-3566-cv
Lane v. 1199 SEIU Healthcare Workers Labor Union

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand seventeen.

PRESENT:  REENA RAGGI,
DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*.

------------------------------------------------------------------------

DAWN CHERISE LANE,
*Plaintiff-Appellant*,

v.                                                              No. 16-3566-cv

1199 SEIU HEALTHCARE WORKERS LABOR UNION,
*Defendant-Appellee*,

MONTEFIORE WAKEFIELD,
*Defendant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    COLLEEN NI CHAIRMHAIC, The Law Office of Gerald Gardner Wright, Freeport, New York.

APPEARING FOR APPELLEE:    RICHARD L. DORN, Levy Ratner, P.C., New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 6, 2017 judgment[1] of the district court is AFFIRMED.

Plaintiff Dawn Cherise Lane appeals from the Fed. R. Civ. P. 12(b)(6) dismissal with prejudice of her claims against the 1199 SEIU Healthcare Workers Labor Union (the "Union") stemming from her termination as a registered nurse by Montefiore Wakefield Hospital ("Montefiore"). We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and we will not accept as true allegations stating only "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for

---

[1] The district court entered the opinion and order at issue in this appeal on September 20, 2016, and Lane voluntarily dismissed her claims against the remaining defendant on October 5, 2016. No separate document setting out judgment was issued; accordingly, pursuant to Fed. R. Civ. P. 58(c)(2)(B), judgment is deemed entered 150 days from the October 5, 2016 final resolution of her claims, which, excluding the terminal Sunday pursuant to Fed. R. Civ. P. 6(a)(1)(c), is March 6, 2017. Despite the lack of a judgment, this Court has jurisdiction to hear the appeal noticed on October 18, 2016, as the opinion and dismissal order constituted a "final decision" within the meaning of 28 U.S.C. § 1291. *See, e.g.*, *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011).

2

substantially the reasons stated by the district court in its thorough and well-reasoned opinion.  *See Lane v. Wakefield*, No. 16-CV-1817 (JMF), 2016 WL 5118301 (S.D.N.Y. Sept. 20, 2016).[2]

Lane's complaint named both Montefiore and the Union as defendants and alleged two state-law causes of action: wage theft and constructive dismissal.  Lane voluntarily dismissed her claims against Montefiore because she failed to effect service and does not dispute the dismissal of the wage theft and constructive dismissal claims as against the Union.  Instead, she appeals from the district court's conclusion that, even construing her complaint liberally to include a hybrid claim against the Union for breach of the duty of fair representation pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185, Lane failed to plead facts sufficient to state such a claim, *see Lane v. Wakefield*, 2016 WL 5118301, at *2.  To plead such a claim, Lane had to allege facts demonstrating both that (1) her employer breached its collective bargaining agreement and (2) her union breached its duty of fair representation.  *See Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 87 (2d Cir. 2010).  Assuming that Lane could plead the first breach, the district court correctly concluded that she failed to allege facts sufficient to show that the Union took "arbitrary, discriminatory, or . . . bad faith" actions that bore a "causal connection . . . [to] [her] injuries," as required to show a breach of the duty of fair representation.  *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604

---

[2] Despite acknowledging diversity jurisdiction below, Lane now argues that the district court erred in concluding that it had diversity jurisdiction in addition to federal-question jurisdiction.  *See Lane v. Wakefield*, 2016 WL 5118301, at *1 n.1.  Because Lane does not dispute the court's independent federal-question jurisdiction, we need not address the issue of diversity jurisdiction.

3

F.3d 703, 709 (2d Cir. 2010) (internal quotation marks omitted); *see Lane v. Wakefield*, 2016 WL 5118301, at *2.

Lane argues that even if the district court was correct in that conclusion, it erred in dismissing her complaint against the Union with prejudice because an LMRA hybrid claim was not the "only possible claim" she could bring against that defendant. Appellant's Reply Br. 12. Lane maintains that the facts alleged could "support a breach of contract action against [t]he Union." *Id.* at 13. That argument fails, however, because the powerful "preemptive force" of Section 301, *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983), displaces all claims "substantially dependent on analysis of a collective-bargaining agreement," which would be the case with a breach-of-contract claim predicated on the Union's failure to represent Lane against Montefiore, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks omitted).

Insofar as Lane argues that she should have been afforded leave to amend her hybrid claim, the district court *sua sponte* granted Lane leave to amend her complaint after the Union's motion to dismiss, but she declined to do so and never thereafter sought leave to amend. "While leave to amend . . . is freely granted, . . . no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (internal quotation marks omitted). In any event, the district court correctly determined that the factual assertions made in Lane's briefing below, even if properly pleaded, would not sustain her claim. *See Lane v. Wakefield*, 2016 WL 5118301, at *2. The additional facts to which she points on appeal—complaint

4

allegations that she is "of multi-cultural origin" and "over forty (40) years of age," Pl. App'x 8; similar statements in an affidavit supporting her preliminary injunction motion; and records of her Union dues payments—neither state nor fairly suggest any connection between her race or age and the Union's alleged breach of the duty to represent her.[3] Therefore, the district court did not err in dismissing the complaint with prejudice. *See Gallop v. Cheney*, 642 F.3d at 369 (holding that district court did not err in dismissal with prejudice "[i]n the absence of any indication that [plaintiff] could—or would—provide additional allegations that might lead to a different result").

We have considered Lane's remaining arguments and conclude that they are without merit. Accordingly, the March 6, 2017 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Lane also points to positive employment evaluations to suggest that she was terminated by Montefiore for impermissible reasons. Those evaluations, however, have no bearing on whether the *Union* breached its duty for those reasons.

5